```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/28/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT TORRICELLI and ELISE LELON

                      Plaintiffs,

-against-

VB ASSET MANAGEMENT, LLC and
VISCOGLIOSI BROTHERS, LLC

                      Defendants.

Case No. 23-cv-9176 (VEC)

**AGREED CONFIDENTIALITY AND PROTECTIVE ORDER**

**IT IS HEREBY STIPULATED AND AGREED**, by and among the parties, through their undersigned counsel, that the following terms and conditions of this Agreed Confidentiality and Protective Order (the "Protective Order") shall govern the handling of documents, things, depositions, deposition exhibits, written discovery responses, testimony, portions of any of these things, and any other information produced, given, or exchanged between or among any Parties to this action and any other Party or non-parties in this action:

    **1.**    **Confidential Information**

"Confidential Information" means any information of any type, kind, or character that is designated as "Confidential" (in accordance with the criteria set forth in Section 3 below) by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

The parties agree that, at this time, they do not anticipate a need for any higher level of confidential designation other than "Confidential," such as "For Counsel Only," "Attorneys Eyes Only," or other ultrasensitive information. The parties agree that, if the need for such designation arises, they will work together to seek an agreed amendment to this Protective Order or, if no agreement can be reached, either party may file an appropriate motion with the Court to amend this Protective Order.

**2.	Qualified Persons**

"Qualified Persons" means:

a. For Confidential Information:

   i. retained counsel for the parties in this litigation and their respective staff;

   ii. actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Confidential Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person);

   iii. this court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation;

   iv. the party, if a natural person;

   v. if the party is an entity, such officers, agents, or employees of the party who are involved in the prosecution or defense of this litigation;

   vi. litigation vendors, court reporters, and other litigation support personnel retained by any party in connection with this litigation;

   vii. any person who was an author, addressee, or intended or authorized recipient of the Confidential Information and who agrees to keep the information confidential; and

   viii. a corporate representative selected by a party to testify in this litigation by deposition or at trial, or a witness who will testify by deposition or at trial.

b. Such other person as this court may designate after notice and an opportunity to be heard; and

c. Such other person as the parties may designate in the future as part of any amendment to this Protective Order as contemplated in Paragraph 1.

3. **Designation Criteria**

   a. *Confidential Information.* A party may designate as Confidential Information only such information that the party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Confidential.

   Information and documents that may be designated as Confidential Information include, but are not limited to, trade secrets, confidential or proprietary information, operational data, business plans, competitive analyses, underwriting information, financial information, personnel files, personal or other information that is protected by law, and other sensitive information that, if not restricted as set forth in this Protective Order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

4. **Use of Confidential Information**

All Confidential Information provided by any party or nonparty in the course of this litigation may be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose and shall not be disclosed except in accordance with the terms hereof.

5. **Marking of Documents**

Documents provided in this litigation may be designated by the producing person or by any party as Confidential Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential." In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

6. **Disclosure at Depositions**

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty, may be designated by any party as Confidential Information by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Protective Order.

Any party also may designate information disclosed at a deposition as Confidential Information by notifying all parties in writing not later than 30 days of receipt of the certified transcript of the specific pages and lines of the transcript that should be treated as Confidential Information thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control. Unless otherwise agreed to by the parties, all deposition transcripts shall be treated as Confidential Information for a period of ten (10) days after initial receipt of the certified transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Confidential Information with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Confidential Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Confidential Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Confidential Information is being used or discussed.

7. **Disclosure to Qualified Persons**

   a. *To Whom.* Confidential Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; provided, however, that in the event of a disclosure compelled by law (including subpoenas) or court order, the receiving party will so notify the designating party as promptly as practicable (if at all possible, prior to making such disclosure). The designating Party shall be solely responsible for asserting any objection and/or obtaining a protective order relating to the requested production and/or disclosure. Provided, however, that in the event the disclosing party timely moves for protective order, the receiving party shall take reasonable steps to maintain the confidentiality of Confidential Information pending the court's order. For the avoidance of doubt, nothing herein limits any use a party may make of its own Confidential Information.

   b. *Retention of Copies During this Litigation.* Any documents produced in this litigation, regardless of classification, that are provided to Qualified

Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Confidential Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

### 8. Unintentional Disclosures

Inadvertent failure to designate information as Confidential Information shall not constitute a waiver of such claim. Documents unintentionally produced without designation as Confidential Information later may be designated by supplemental written notice and shall be treated as Confidential Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Confidential Information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information and take reasonable steps to secure the prompt return and/or destruction of such Confidential Information.

### 9. Documents Produced for Inspection Prior to Designation

In the event documents are produced for inspection prior to designation, the documents shall be treated as Confidential Information during inspection. At the time of copying for the receiving parties, Confidential Information shall be marked prominently "Confidential" by the producing party.

### 10. Consent to Disclosure and Use in Examination

Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if each party designating the information as Confidential Information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure. Further, nothing in this Protective Order shall prevent any counsel of record from

utilizing Confidential Information in the examination or cross-examination of any witness, irrespective of which party produced such information.

    **11.**   **Challenging the Designation**

        a. *Confidential Information.* A party shall not be obligated to challenge the propriety of a designation of Confidential Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Confidential Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Confidential Information. The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed information. The disputed information shall remain Confidential Information unless and until the court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Confidential Information.

        b. *Qualified Persons.* In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Confidential Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the designation or, in the event particular Confidential Information is requested subsequent to the designation of the Qualified Person, 14 days from service of the request to move the court for an order denying the disposed person (a) status as a Qualified Person, or (b) access to particular Confidential Information. The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Confidential Information shall be made to the disputed person unless and until the court enters an order preserving the designation.

    **12.**   **Manner of Use in Proceedings**

In the event a party wishes to use another party's Confidential Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) appropriately redact such Confidential Information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information

solely for *in camera* review; or (3) file such information under seal with the court consistent with the sealing requirements of the court.

## 13. Return of Documents

Not later than 120 days after conclusion of this litigation and any appeal related to it, any Confidential Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(a)(i), 2(a)(iii), 2(a)(iv), 2(a)(v), and 2(a)(vii)) shall be returned to the producing party or destroyed, except as this court may otherwise order or to the extent such information has been used as evidence at any trial or hearing.

## 14. Ongoing Obligations

The parties agree to be bound by the terms of this Protective Order pending its entry by the Court. This Protective Order shall survive the final termination of the case and remains in full force and effect unless modified by court order or by written stipulation of the Parties, except that there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal.

## 15. Advice to Clients

This Protective Order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Confidential Information produced or exchanged under the terms of this Protective Order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Confidential Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

**16. Waiver**

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this litigation.

**17. Modification and Exceptions**

The parties may, by stipulation, provide for exceptions to this Protective Order and any party may seek an order of this court modifying this Protective Order.

Dated: New York, New York
March 28, 2024

> Notwithstanding anything in this stipulation to the contrary, the parties must comply with Paragraph 5 of the Undersigned's Individual Practices when filing materials protected by the Protective Order.

| SULLIVAN & WORCESTER LLP | RYAN LAW PARTNERS LLP |
|---|---|
| By: *Christopher Shields (with permission)*<br>Meghan Rohan<br>Christopher Shields<br>1633 Broadway, 32nd Floor<br>New York, New York 10019<br>Telephone: (212) 660-3000<br>Facsimile: (212) 660-3001<br>mrohan@sullivanlaw.com<br>cshields@sullivanlaw.com<br><br>*Attorneys for Plaintiffs Robert Torricelli and Elise Lelon* | By: *Mitchell R. Garrett*<br>Andrew B. Ryan (pro hac vice)<br>Texas Bar No. 24054464<br>Mitchell R. Garrett (pro hac vice)<br>Texas Bar No. 24101795<br>3811 Turtle Creek Blvd., Suite 780<br>Dallas, Texas 75219<br>Telephone: (214) 347-7377<br>Facsimile: (888) 594-6240<br>andy@ryanlawpartners.com<br>mitch@ryanlawpartners.com<br><br>*Attorneys for Defendants VB Asset Management, LLC and Viscogliosi Brothers, LLC* |

SO ORDERED on this 28th day of     March     , 20204

_____
HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE