```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/22/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ROBERT TORRICELLI and ELISE LELON,    :
                                       :
                          Plaintiffs,  :
                                       :
          -against-                    :
                                       :   23-CV-9176 (VEC)
VB ASSET MANAGEMENT, LLC and           :
VISCOGLIOSI BROTHERS, LLC,             :   OPINION & ORDER
                                       :
                          Defendants.  :
------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

Plaintiffs Robert Torricelli and Elise Lelon sued Viscogliosi Brothers, LLC ("VB LLC"), an investment company, and VB Asset Management, LLC ("VBAM"), a wholly-owned subsidiary of VB LLC. *See* Second Am. Compl. ("SAC"), Dkt. 26. Plaintiffs bring breach of contract claims against both Defendants, as well as tortious interference, quantum meruit, and unjust enrichment claims against VB LLC. *Id.* VB LLC moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs' claims against it, and Plaintiffs opposed the motion. *See* Def. Mot., Dkt. 32; Pls. Opp., Dkt. 33. For the following reasons, VB LLC's motion to dismiss is GRANTED.

## BACKGROUND[1]

VB LLC is an investment company that owns and manages portfolio companies in the medical device industry. SAC ¶ 11. In 2020 VB LLC established VBAM to manage private capital funds for investments in companies that provide technologies and services in the neuro-musculoskeletal space of that industry. *Id.* Both VBAM and VB LLC are owned and operated by the Viscogliosi brothers, John, Anthony, and Marc. *Id.* ¶ 15.

---

[1]   The Court assumes the truth of the well-pled allegations in the complaint. *See Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1076 (2d Cir. 2021).

1

Robert Torricelli, a former United States Senator, and Elise Lelon, an investor and former psychologist, joined the VBAM Board in February 2021. *Id*. ¶¶ 18, 21, 23, 24. At that time, Plaintiffs and VBAM executed Charter and Compensation Agreements (collectively the "Board Agreements").[2] *Id*. ¶ 24; *see also* SAC Ex. 1, Dkt. 26–1. The Compensation Agreement provides that all Board members are entitled to a quarterly retainer fee of $20,000, certain other fees related to capital raising, and a pro rata share of 5% of the total carried interest received by VBAM. *See* SAC Ex. 1 at 5.

Plaintiffs claim that they were never compensated for the Board services that they provided. SAC ¶¶ 2, 34–38, 41. In 2022, in response to Ms. Lelon's inquiries regarding compensation, Anthony Viscogliosi unilaterally determined that quarterly compensation would be "accrued" rather than paid quarterly. *Id*. ¶¶ 42–43. After Mr. Torricelli sent Defendants a demand letter in July 2023, Anthony Viscogliosi stated that the Board had been disbanded in 2022.[3] *Id*. ¶ 46. According to Plaintiffs, Defendants now assert that Plaintiffs' compensation for being on the Board was contingent on certain conditions that Plaintiffs did not meet. *Id*. ¶ 50.

On October 18, 2023, Plaintiffs sued Defendants for, *inter alia*, breach of contract because they failed to compensate Plaintiffs for ten quarters of Board service.[4] *See* Compl., Dkt.

---

[2]   Although Plaintiffs attach only a copy of the Board Agreements executed by Ms. Lelon, they allege that the Board Agreements between Mr. Torricelli and VB Asset Management, LLC ("VBAM") are "substantially identical." Second Am. Compl. ("SAC") ¶ 26, Dkt. 26.

[3]   Plaintiffs allege that they received emails from the Secretary of VBAM's Board about a potential upcoming Board meeting in January 2023, suggesting that the Board had not been disbanded, despite Anthony Viscogliosi's statements to the contrary. *Id*. ¶ 49.

[4]   On October 23, 2024, Plaintiffs amended the complaint in response to the Court's order to show cause why the case should not be dismissed in light of Plaintiffs' failure adequately to allege the citizenship of the Defendants and to establish subject matter jurisdiction. *See* Am. Compl., Dkt. 9; Order, Dkt. 8. On January 12, 2024, Plaintiffs again amended the complaint in response to the Defendant Viscogliosi Brothers LLC's ("VB LLC") motion to dismiss all claims against it on substantially similar grounds to the instant motion to dismiss. *See* Def. First Mem., Dkt. 23; SAC, Dkt. 26. Because the Court finds that granting Plaintiffs a third chance to amend the complaint would be futile, the Court declines to grant leave to further amend the complaint. *See Eastman Kodak Co. v. Henry*

1. Plaintiffs claim that VB LLC is liable for VBAM's breach of contract because VB LLC and VBAM are alter egos and, in the alternative, bring unjust enrichment and quantum meruit claims against VB LLC. SAC ¶¶ 57, 65–70. Plaintiffs also sue VB LLC for tortious interference with contract. *Id*. ¶¶ 58–64.

## DISCUSSION

### I. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although detailed or elaborate factual allegations are not necessary to make out a claim for relief, allegations must be "sufficient to raise an entitlement to relief above the speculative level." *Keiler v. Harlequin Enters.*, 751 F.3d 64, 70 (2d Cir. 2014). "Plaintiffs cannot rely on mere 'labels and conclusions,' or 'naked assertions' absent 'further factual enhancement,'" *City of Pontiac Police & Fire Ret. Sys. v. BNP Paribas Secs. Corp.*, 92 F.4th 381, 390 (2d Cir. 2024) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), nor is the Court required to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). When evaluating a motion to dismiss, courts construe the complaint liberally, accept all of the complaint's factual allegations as true, and draw all reasonable inference in the plaintiff's favor. *Green v. Dep't of Educ.*, 16 F.4th 1070, 1076 (2d Cir. 2021).

---

*Bath LLC*, 936 F.3d 86, 98 (2d Cir. 2019) (noting that, although courts should freely grant leave to amend, "a district court has discretion to deny it for . . . futility" (cleaned up)).

**II. Plaintiffs' Alter Ego Claims Against VB LLC Are Dismissed**

The separate legal existence of corporations is "deeply ingrained in our economic and legal systems [such] that a parent corporation . . . is not liable for the acts of its subsidiaries." *Cleveland-Cliffs Burns Harbor LLC v. Boomerang Tube, LLC*, No. 2022-0378-LWW, 2023 WL 5688392, at *4 (Del. Ch. Sept. 5, 2023) (quotations omitted).[5] Because Delaware does not lightly permit piercing the corporate veil, in order to proceed on a "piercing the corporate veil" theory, a plaintiff must do more than plead one corporation is the alter ego of another in a conclusory manner. *In re Draw Another Circle*, 602 B.R. 878, 905 (Bankr. D. Del. 2019); *see also Iqbal*, 556 U.S. at 678. In order to pierce the corporate veil of VBAM and reach its owner, VB LLC, Plaintiffs must plausibly allege that (1) VBAM and VB LLC "operated as a single economic entity," and (2) an "overall element of injustice or unfairness is present." *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1457 (2d Cir. 1995) (citation omitted); *see also Doheny v. Int'l Bus. Machs., Corp.*, No. 23-CV-3962, 2024 WL 382142, at *17 (S.D.N.Y. Feb. 1, 2024).

    A.    **Single Economic Entity**

To determine whether an entity and its owner operated as a single economic entity, Delaware courts consider the so-called *Fletcher* factors, no one of which is dispositive: "(1) whether the company was adequately capitalized for the undertaking; (2) whether the company was solvent; (3) whether corporate formalities were observed; (4) whether the dominant shareholder siphoned company funds; and (5) whether, in general, the company simply functioned as a facade for the dominant shareholder." *Manichaean Cap., LLC v. Exela Techs.,*

---

[5]     The parties agree that Delaware law governs Plaintiffs' alter ego claim because VBAM is a Delaware corporation. *See* Def. Mot. at 3; Pls. Opp. at 5; *see also Soroof Trading Dev. Co. v. GE Microgen, Inc.*, 283 F.R.D. 142, 150 (S.D.N.Y. 2012) ("[B]ecause [the subsidiary] is a Delaware corporation . . . , Delaware law governs the question of whether [the subsidiary] is an alter ego of [the parent company].").

*Inc.*, 251 A.3d 694, 706–707 (Del. Ch. 2021); *see also Fletcher*, 68 F.3d at 1458 (same).[6] The Court considers each of these factors in turn.

### i. Capitalization and Solvency

"The inquiry into corporate capitalization is most relevant for the inference it provides into whether the corporation was established to defraud its creditors or other improper purpose such as avoiding the risks known to be attendant to a type of business." *Partner Reinsurance Co. Ltd. v. RPM Mortg., Inc.*, 604 F. Supp. 3d 121, 206 (S.D.N.Y. 2022) (citation omitted). In the context of an alter ego claim, courts consider whether the parent company abused the corporate form by engaging in conduct "that unjustly shields its assets from its creditors." *Mason v. Network of Wilmington, Inc.*, No. CIV.A. 19434-NC, 2005 WL 1653954, at *3 (Del. Ch. July 1, 2005). That said, neither undercapitalization nor insolvency is alone sufficient to pierce the corporate veil. *Cohen v. Schroeder*, 248 F. Supp. 3d 511, 520–21 (S.D.N.Y. 2017), *aff'd*, 724 F. App'x 45 (2d Cir. 2018) (noting that if insolvency or undercapitalization were enough to pierce the corporate veil, "the limited liability characteristic of the corporate form would be meaningless" (citation omitted)).

Plaintiffs allege "[u]pon information and belief," that VBAM was undercapitalized and lacked the funds to pay Plaintiffs. SAC ¶ 44. Plaintiffs further allege it was for that reason that Defendants decided to accrue rather than pay Plaintiffs' promised compensation. *Id*. Without any "statement of the facts upon which the belief is founded," the Court cannot reasonably infer that VBAM was undercapitalized. *Hernandez v. City of New York*, No. 18-CV-5870, 2019 WL

---

[6] Plaintiffs correctly highlight that these factors may be supplemented by those considered under New York law, including "overlap in ownership, officers, directors, and personnel;" "common office space, address and telephone numbers of corporate entities;" and "the amount of business discretion displayed by the allegedly dominated corporation." *138-77 Queens Blvd LLC v. Silver*, No. 22-CV-5155, 2023 WL 4564796, at *5 (E.D.N.Y. July 17, 2023) (citation omitted); *Soroof Trading*, 283 F.R.D. at 150 n.8 (noting that, because Delaware and New York law are substantially similar on this subject, "New York law can be considered as a supplement to the law of Delaware").

5

2410129, at *3 (S.D.N.Y. June 7, 2019) (citation omitted); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (noting that plaintiffs may plead facts alleged upon information and belief "where the belief is based on factual information that makes the inference of culpability plausible"). Here, the only "fact" alleged is that VBAM decided to accrue rather than pay the Directors' compensation. SAC ¶ 44. That fact, standing alone, does not allow the Court plausibly to infer that VBAM was inadequately capitalized or insolvent.

Accordingly, this favor weighs against piercing the corporate veil.

### ii.  Corporate Formalities

"[S]omewhat less emphasis is placed on whether [an] LLC observed internal formalities because fewer such formalities are legally required." *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 178 (2d Cir. 2008). None of Plaintiffs' allegations, together or alone, plausibly allege abuse of the corporate form.

Plaintiffs point to the unilateral decision of Anthony Viscogliosi, who is CEO and Chair of the VBAM Board as well as a principal of VB LLC, to accrue Board members' compensation and to disband the VBAM Board as evidence of Defendants' disregard for corporate formalities. *See* Pls. Opp. at 10; SAC ¶¶ 13, 15. Plaintiffs fail plausibly to allege, however, that Anthony Viscogliosi was acting on behalf of VB LLC, rather than in his role as CEO of VBAM, when he took those actions.

Plaintiffs allege that VBAM and VB LLC have the same address and principal place of business and have significantly overlapping personnel. SAC ¶¶ 15. Parent companies and their subsidiaries may, however, share officers, directors, employees, and addresses while still observing corporate formalities. *In re BH S & B Holdings LLC*, 420 B.R. 112, 138 (Bankr.

S.D.N.Y. 2009), *aff'd as modified*, 807 F. Supp. 2d 199 (S.D.N.Y. 2011); *see also Kalin v. Xanboo, Inc.*, 526 F. Supp. 2d 392, 404 (S.D.N.Y. 2007) (declining to pierce the corporate veil based on allegations of common address, ownership, and principals).

Finally, Plaintiffs' assertions that "VB LLC has stated in published materials that 'it executed its mission by establishing its asset management franchise of private capital funds (VBAM),'" SAC ¶ 17, and that VBAM's marketing materials "include significant amount of information about VB LLC and make clear that VB LLC held itself out as being in exclusive control of VBAM," *id.* ¶ 16, do not support piercing the corporate veil. The alleged statements are descriptions of a relationship between VBAM and VB LLC that fall comfortably within the norms of a parent-subsidiary relationship. *See United States v. Bestfoods*, 524 U.S. 51, 61–62 (1998) ("[I]t is hornbook law that the exercise of the control which stock ownership gives to the stockholders . . . will not create liability beyond the assets of the subsidiary." (quotation omitted)).

This factor also weighs against piercing the corporate veil.

### iii. Façade

To support their contention that VBAM does not operate independently from VB LLC, Plaintiffs rely on the same allegations that this Court has already determined to be inadequate, including Defendants' overlap in leadership, shared address, and descriptions of their relationship in marketing materials. *See* Pls. Opp. at 11. Plaintiffs' allegations that the companies held themselves out as interdependent when recruiting Plaintiffs to the Board, that VB LLC offered to provide certain benefits and pay certain expenses of Board members, and that Ms. Lelon provided services directly to VB LLC likewise do not suffice, even when considered together, to pierce the corporate veil. *See id.*; *see also infra*, Section IV (discussing Ms. Lelon's

claims regarding service to VB LLC); *Nat'l Gear & Piston, Inc. v. Cummins Power Sys., LLC*, 975 F. Supp. 2d 392, 404 (S.D.N.Y. 2013) (explaining that "[i]t is well established law that allegations of mere shared management, shared corporate principles, or a parent's ownership and operation of a subsidiary—even exclusively for the parent's gain—do not merit piercing the corporate veil").

The fact that a parent company does not distinguish itself from its subsidiary when engaging new relationships is not itself a *Fletcher* factor. Courts that have considered "non-*Fletcher* allegations . . . that the parent did not distinguish between itself and the subsidiary in an engagement letter" have found those allegations insufficient to pierce the corporate veil. *See Nat'l Gear & Piston*, 975 F. Supp. 2d at 403 (cleaned up). Furthermore, although Plaintiffs allege that VB LLC offered to pay certain expenses for Board members, Plaintiffs do not allege that they in fact received any compensation or reimbursement from VB LLC.

Thus, this factor also weighs against piercing the corporate veil.

In short, none[7] of the *Fletcher* factors this Court must consider point in favor of concluding that Plaintiffs have adequately alleged that VBAM and VB LLC operate as a single economic entity.

### B. Injustice or Unfairness

Even if the allegations in the SAC were sufficient to allow the Court plausibly to infer that VB LLC and VBAM functioned as a single economic entity, Plaintiffs have failed adequately to allege an overall element of injustice or unfairness.

---

[7] There are no allegations in the complaint touching on the final *Fletcher* factor — whether the dominant shareholder siphoned company funds.

To allege an overall element of injustice or unfairness, Plaintiffs need not allege an actual fraud or that the "corporation was created with fraud or unfairness in mind." *NetJets*, 537 F.3d at 176–77.  Plaintiffs must allege facts, however, that allow the Court plausibly to infer that the corporate structure itself was "used to further the fraud or injustice or as a shield for unjust acts," and the fraud or injustice must amount to more than Plaintiffs' underlying claims. *Partner Reinsurance Co.*, 604 F. Supp. 3d at 207–08 (quotations omitted); *see also Nat'l Gear & Piston*, 975 F. Supp. 2d at 406 (collecting cases).  "[C]ourts rely on the same *Fletcher* factors that are relevant to the single-economic-entity requirement when evaluating the injustice requirement." *Nat'l Gear & Piston*, 975 F. Supp. 2d at 407.

Plaintiffs have not adequately alleged a fraud or injustice that amounts to more than their underlying claims of breach of contract.  Plaintiffs contend that the SAC establishes the requisite injustice or unfairness by alleging that (1) VBAM contracted on behalf of VB LLC to hire Plaintiffs, (2) VB LLC underfunded VBAM, and (3) VB LLC failed to pay Plaintiffs after having benefited from their service, including by switching the Board to accrued compensation and claiming that payment was contingent on unmet conditions.  *See* Pls. Opp. at 13.

As discussed above in the Court's analysis of the *Fletcher* factors, Plaintiffs' allegations regarding VB LLC's involvement with those actions are almost entirely conclusory.[8]  Although Plaintiffs may have plausible claims against VBAM, the Complaint fails plausibly to allege "that

---

[8]   Plaintiffs rely on *Paradigm BioDevices, Inc. v. Viscogliosi Brothers, LLC*, No. 11-CV-3489, 2014 WL 516695 (S.D.N.Y. Feb. 10, 2014), which denied VB LLC's motion for summary judgment, to support their argument that VB LLC and VBAM functioned as a single entity. *See id.* at *2–3.  The allegations in that case were, however, substantially more detailed than Plaintiffs'.  In that case, the plaintiff alleged, *inter alia*, that VB LLC's subsidiary, Centinel: owed millions of dollars in debt at its inception; was losing $500,000 to $600,000 per month; did not hold any directors' meetings; and siphoned funds to VB LLC by transferring substantial sums of money "without any documentation or formal approval process" and by paying VB LLC over $2 million while more substantial creditors went unpaid. *Paradigm BioDevices, Inc. v. Centinel Spine, Inc.*, No. 11-CV-3489, 2013 WL 1830416, at *2–4 (S.D.N.Y. May 1, 2013).  None of the allegations in the SAC approach this level of specificity, nor does the SAC allege any siphoning of funds.

9

the corporate form in and of itself operates to serve some fraud or injustice, distinct from the alleged wrongs of the underlying corporation." *Trevino v. Merscorp, Inc.*, 583 F. Supp. 2d 521, 531 (D. Del. 2008); *see also Medi-Tec of Egypt Corp. v. Bausch & Lomb Surgical*, No. CIV.A. 19760-NC, 2004 WL 415251, at *4 (Del. Ch. Mar. 4, 2004) ("Allegations of breach of contract by a subsidiary do not suffice to supply the necessary fraud or injustice to hold the subsidiary to be the alter ego of the parent, especially where there is no evidence of wrong-doing by the parent.").

Because Plaintiffs have failed adequately to plead that VB LLC was an alter ego of VBAM, Plaintiffs' breach of contract claims against VB LLC are DISMISSED.

### III. Plaintiffs' Tortious Interference Claims Against VB LLC Are Dismissed

Under New York law,[9] the elements for tortious interference are: "(i) the existence of a contract; (ii) defendants' knowledge of that contract; (iii) defendants' intentional inducement of a breach of that contract; (iv) a breach; (v) but for the defendants' actions, that contract would not have been breached; and (vi) damages." *Green Star Energy Sols., LLC v. Edison Props., LLC*, No. 21-CV-2682, 2022 WL 16540835, at *15 (S.D.N.Y. Oct. 28, 2022) (quoting *Conte v. Emmons*, 895 F.3d 168, 171 (2d Cir. 2018)).

"It is well established that only a stranger to a contract . . . can be liable for tortious interference with a contract." *Bradbury v. Israel*, 204 A.D.3d 563, 564 (1st Dept. 1990). Because VB LLC was the sole owner of and had complete control over VBAM, *see* SAC ¶ 62, VB LLC was not a stranger to the contract. *See Envy Branding, LLC v. William Gerard Grp.*,

---

[9] The parties agree that New York law governs Plaintiffs' tortious interference and quasi-contract claims against VB LLC. Pls. Opp. at 15, 17; Def. Reply at 5, 7. Under New York choice-of-law rules, "where the parties agree that a certain jurisdiction's law controls, this is sufficient to establish choice of law." *Alphonse Hotel Corp. v. Tran*, 828 F.3d 146, 152 (2d Cir. 2016) (cleaned up); *see also Envy Branding, LLC v. William Gerard Grp.*, No. 20-CV-03182, 2024 WL 869156, at *9 (S.D.N.Y. Feb. 29, 2024) (finding that the parties' citations to New York law constituted implied consent that New York law applied).

10

No. 20-CV-03182, 2024 WL 869156, at *18 (holding that a parent company is not a stranger to a contract involving its wholly-owned subsidiary) (collecting cases).[10] Accordingly, Plaintiffs' tortious interference claim against VB LLC is DISMISSED.

### IV.     Plaintiffs' Quasi-Contract Claims Against VB LLC Are Dismissed

Plaintiffs allege two quasi-contract claims against VB LLC: quantum meruit and unjust enrichment. To state a claim for quantum meruit, Plaintiffs must plausibly allege "(1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services." *Wolet Cap. Corp. v. Walmart Inc.*, No. 18-CV-12380, 2021 WL 242297, at *10 (S.D.N.Y. Jan. 25, 2021) (citation omitted). To state a claim for unjust enrichment, a plaintiff must plausibly allege "(1) that the defendant was enriched; (2) that the enrichment was at the plaintiff's expense; and (3) that the circumstances are such that in equity and good conscience the defendant should return the money or property to the plaintiff." *Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 202 (S.D.N.Y. 2011) (citation omitted). "[A] plaintiff must show that the defendant actually received a benefit, which must be both specific and direct." *RBG Mgmt. Corp. v. Village Super Mkt., Inc.*, No. 22-CV-7996, 2023 WL 5976273, at *12 (S.D.N.Y. Sept. 14, 2023) (cleaned up) (dismissing unjust enrichment claim); *see also Atl. Neurosurgical Specialists, P.A. v. MultiPlan, Inc.*, No. 20-CV-10685, 2023 WL 160084, at *8 (S.D.N.Y. Jan. 11, 2023) (dismissing quantum meruit claim because plaintiff alleged only the "indirect conferral of benefits"). The Court considers Plaintiffs' "quantum

---

[10]     Plaintiffs cite to *U.S. Fidelity & Guar. Co. v. Petroleo Brasileiro S.A.-Petrobras*, No. 98-CV-3099, 2001 WL 300735, at *24 (S.D.N.Y. Mar. 27, 2001), for the proposition that New York law rejects the theory that a parent cannot be liable for interfering with the performance of a subsidiary. Pls. Opp. at 16. That case, however, noted only that, in order for courts to find that a parent corporation plausibly tortiously interfered with a contract entered into by a wholly-owned company, "a plaintiff must show either malice . . . or fraudulent or illegal means." *Id.* (cleaned up). Plaintiffs do not allege that VB LLC acted with malice, and as discussed *supra*, Section II, Plaintiffs have failed plausibly to allege that VB LLC acted fraudulently or illegally.

11

meruit and unjust enrichment claims together as a single quasi contract claim." *Alkholi v. Macklowe*, No. 17-CV-16, 2017 WL 6804076, at *9 (S.D.N.Y. Dec. 22, 2017).

Plaintiffs argue that, even if VB LLC is not the alter ego of VBAM, they have plausibly alleged that VB LLC benefitted from services provided to it outside the scope of the Board Agreements.[11] Pls. Opp. at 17. The SAC, however, alleges no facts tending to establish that Plaintiffs had any expectation of compensation from VB LLC or tending to establish the reasonable value of the services they provided to VB LLC. *See Wolet*, 2021 WL 242297, at *10. Nor does the SAC plausibly allege that VB LLC received a "specific and direct" benefit at Plaintiffs' expense. *RBG Mgmt.*, 2023 WL 5976273, at *12; *see also Atl. Neurosurgical Specialists, P.A.*, 2023 WL 160084, at *8.

Rather, the SAC alleges, in a conclusory manner, that "Plaintiffs also provided services directly to VB LLC," SAC ¶ 39, and "VB LLC's receipt of Plaintiffs' services without paying Plaintiffs compensation therefor has conferred an unearned and undeserved benefit upon VB LLC," *id*. ¶ 68. The SAC further alleges: "[a]mong other things, Plaintiffs each provided an array of advisory services to VBAM and VB LLC;" and "Plaintiffs also attended each of the numerous in-person Board meetings and conducted numerous additional calls with VB LLC's principals." *Id*. ¶ 34. The former allegation is too vague to allege plausibly that Plaintiffs

---

[11] As Plaintiffs acknowledge, "New York law does not permit recovery in quantum meruit . . . if the parties have a valid, enforceable contract that governs the same subject matter as the quantum meruit claim." *Mid–Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005); *see also* Pls. Opp. at 17–18. Accordingly, Plaintiffs are precluded from bringing quasi-contract claims against VB LLC to the extent those claims arise out of "events arising out of the same subject matter" as the breach of contract claim. *Air Atlanta Aero Eng'g Ltd. v. SP Aircraft Owner I, LLC*, 637 F. Supp. 2d 185, 195–96 (S.D.N.Y. 2009) (endorsing trend of recent New York state and federal decisions holding that claims for unjust enrichment against a third party to a contract are precluded by the existence of a contract governing the subject matter of the dispute).

provided services specifically to VB LLC.[12]  The latter allegation does not plausibly establish that Plaintiffs provided any services directly to VB LLC because VBAM principals and VB LLC principals were the same.  SAC ¶ 15.

Similarly, the fact that Ms. Lelon engaged in discussions with "Anthony Viscogliosi and VB LLC employees regarding VB LLC's and VBAM's marketing," *id*. ¶ 40, does not plausibly allege that Plaintiffs directly conferred a benefit on VB LLC because the companies have overlapping employees and because VBAM's and VB LLC's marketing campaigns were intertwined.  *See id*. ¶¶ 13, 16 (alleging that VBAM and VB LLC have overlapping officers and noting that VB LLC "marketed VBAM as a central part of VB LLC's business" and "VBAM's marketing materials . . . include significant amounts of information about VB LLC").  Although Plaintiffs allege that "Marc Viscogliosi called Ms. Lelon to discuss how her contacts and expertise could further benefit VB LLC," *id*. ¶ 39, the SAC does not allege that Ms. Lelon agreed to or did use her contacts or expertise to confer any benefit on VB LLC.

Accordingly, Plaintiffs' quantum meruit and unjust enrichment claims are DISMISSED.

## CONCLUSION

For the foregoing reasons, Defendant VB LLC's motion to dismiss all claims against it is GRANTED.  The Clerk of Court is respectfully directed to close the open motion at Dkt. 31, and to terminate Defendant Viscogliosi Brothers, LLC from the docket.

**SO ORDERED.**

**Date:  April 22, 2024**
**New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**

---

[12]  Presumably, if services were provided specifically to VB LLC, Plaintiffs know what those services were and would have alleged them with sufficient specificity for the Court plausibly to infer that such services were provided.